UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 3:99-CR-156 (AWT) |
| | : | 3:01-CR-118 (AWT) |
| v. | : | 3:05-CV-92 (AWT) |
| | : | 3:05-CR-93 (AWT) |
| | : | |
| RICHARD S. MARKEY | : | May 19, 2005 |

**GOVERNMENT'S RESPONSE TO DEFENDANT MARKEY'S
"MOTION TO CORRECT SENTENCE ENHANCEMENTS AND CONDITIONS"**

On May 12, 2005, the Court issued an Order to Show Cause [doc. #44 (118)[1], doc. #321 (156)], directing the Government to file a response to a document entitled "Motion to Correct Sentence Enhancements and Conditions" filed by defendant Markey on January 18, 2005 [doc. #41 (118), #299 (156)] (hereinafter "Def. Mot.").

**I.      Statement of Facts and Procedural History**

On February 8, 2000, a federal grand jury sitting in Connecticut returned an 22-count Second Superseding Indictment ("Indictment") against Richard S. Markey and Joseph Wayne Simpson, a.k.a. Karl Lea.   The Indictment charged both defendants with devising a fraudulent scheme to obtain money from potential investors.  Trial began on November 1, 2000.  On December 13, 2000, after a day of deliberations, the jury found both defendants guilty on all counts charged.

At sentencing, the Probation Office prepared a Presentence Report recommending a number of enhancements to the defendant's base offense level of 6 under U.S.S.G. § 2F1.1, including the amount of loss, more than minimal planning, use of mass marketing to commit the

---

[1] References to the docket in 3:01-CR-118 (AWT) will be designated "## (118)."
References to the docket in 3:99-CR-156 (AWT) will be designated "## (156)."

offense, operation of a substantial part of the scheme in another jurisdiction, and role in the offense. On April 6, 2001, this Court sentenced the defendant within his sentencing guidelines range, calcluated in part on those enhancements. The Court imposed a sentence of 97 months in prison, plus 3 years of supervised release, and restitution of $317,277.

By summary order entered on July 7, 2003, the Court of Appeals for the Second Circuit affirmed the defendant's conviction and sentence. *See* 69 Fed. Appx. 492, 2003 WL 21522432 (2d Cir. 2003) (unpublished). The defendant did not file a petition for writ of certiorari, and so his conviction became final 90 days thereafter, on October 5, 2003. He is presently serving his sentence.

On May 2, 2001, the defendant failed to voluntarily surrender to serve his sentence in the above-described case. After a jury trial, he was convicted of failure to appear in violation of 18 U.S.C. § 3146. On November 29, 2001, this Court sentenced the defendant to a further term of 16 months of imprisonment, to run consecutively to his earlier sentence. Judgment entered on December 3, 2001. The defendant did not appeal from that judgment, and so that conviction became final 10 days after entry – namely, on December 13, 2001.

By *pro se* motion dated January 13, 2005, and filed January 18, 2005, the defendant asked this Court to "correct" his sentences imposed by this Court "on 4/6/01 and 11/29/01 respectively." [doc. # 41 in 3:01-CR-118 (AWT) and doc. #299 in 3:99-CR-156 (AWT)] Because the defendant erroneously invoked the authority of a civil rule (Fed. R. Civ. P. 60(b)) to re-open his criminal judgment, this Court provided him with written notice [doc.# 302, filed Mar. 4, 2005] that, absent objection filed by April 1, 2005, the Court intended to construe his motion as a request for collateral relief under 28 U.S.C. § 2255.

In its Order to Show Cause, this Court noted that the defendant had not submitted any response to its Notice. Accordingly, the Court construed the defendant's Motion as a § 2255 petition.

## II. The Defendant's Sole Claim, Premised on the Sixth Amendment, Is Unavailable on Collateral Review

The defendant's sole claim is that the court imposed sentence based on a number of enhancements "that were not offered to the jury for a finding of fact during trial." Def. Mem. at 2. In support, he cites the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and Judge Goodwin's decision in *United States v. Shamblin*, 323 F. Supp.2d 757 (S.D.W.Va. 2004) (granting defendant's motion under Fed. R. Crim. P. 35(a) for reduction of sentence in wake of *Blakely*, on grounds that sentencing enhancement was not charged and found by jury beyond a reasonable doubt). Shortly after the defendant filed his motion, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005) (holding that the U.S. Sentencing Guidelines, as a mandatory system, violate the Sixth Amendment).

The Court should deny the defendant's Motion for three reasons. First, his motion is untimely, since it was filed outside the one-year limitations period established by § 2255. His first conviction became final on October 5, 2003, and his second conviction became final on December 13, 2001. The present motion was filed more than one year after those dates, and is therefore time-barred. *See Clay v. United States,* 537 U.S. 522, 527 (2003) (holding that an appealed criminal conviction becomes final when time to file petition for certiorari expires); *Moshier v. United States*, 402 F.3d 116 (2d Cir. 2005) (holding that unappealed conviction becomes final for purposes of § 2255 limitations period when time for filing direct appeal has

3

expired). (Although there is an exception for § 2255 motions premised on rights that are newly recognized by the Supreme Court, such an exception is inapplicable here because -- as discussed below -- the right is not retroactively applicable on collateral review, § 2255(3)).

Second, the defendant is procedurally barred from raising this argument for the first time on collateral review. He could have raised such an argument – as did his co-defendant Joseph Simpson – on direct review. In his first prosecution, the defendant failed to raise this argument on appeal; in his second prosecution, he failed to appeal altogether. Absent a showing of cause for his default and prejudice therefrom, he is now barred from raising these claims for the first time on collateral review. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"); *Ciak v. United States*, 59 F.3d 296, 302 (2d Cir. 1995); *Campino v. United States*, 968 F.2d 187, 190 (2d Cir. 1992); *see also United States v. Munoz*, 143 F.3d 632, 637 (2d Cir. 1998) ("A motion under § 2255 is not a substitute for an appeal.").

Third, the defendant is foreclosed from pursuing this Sixth Amendment argument on collateral review, because the Second Circuit has held that such a claim rests on *Booker*, and that *Booker* announced a new constitutional rule of criminal procedure that is not retroactively applicable on collateral review. *See United States v. Guzman*, 404 F.3d 139 (2d Cir. 2005).

For each of these reasons, the Government respectfully requests that the Defendant's Motion be denied.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

        /s/ William J. Nardini


        WILLIAM J. NARDINI
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. CT16012
        157 Church Street, 23rd Floor
        New Haven, CT 06510
        Tel.: (203) 821-3700
        Fax: (203) 773-5377
        william.nardini@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2005, the foregoing was sent by first-class mail to:

Richard S. Markey [13556-014]
Federal Correctional Institution
Box 7000, Unit 5892
Fort Dix, NJ 08640

        /s/ William J. Nardini
        _____
        William J. Nardini
        Assistant U.S. Attorney